# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| AQUIANNA L'MONIQUE BROWN,<br><br>                      Petitioner,<br><br>v.<br><br>STATE OF WISCONSIN,<br><br>                      Respondent. | Case No. 22-CV-718-JPS<br><br>**ORDER** |

      In 2021, Aquianna L'Monique Brown ("Petitioner") pled guilty to first-degree recklessly endangering safety, use of a deadly weapon, and possession of a firearm in Milwaukee County Circuit Court. ECF No. 1 at 2. On June 21, 2022, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.* On June 24, 2022 and on June 29, 2022, Petitioner filed motions for leave to proceed without prepayment of the filing fees. ECF Nos. 3, 5. On July 5, 2022 and on August 3, 2022, Petitioner filed motions for zoom hearings. ECF Nos. 7, 9.

      The Court will turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Cases. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations,

exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

According to her petition and publicly available records, Petitioner pled guilty to one count of first-degree recklessly endangering safety with use of a dangerous weapon and one count of possession of a firearm, and a judgment of conviction was entered on October 21, 2021. *State of Wisconsin v. Aquianna L'Monique Brown*, Milwaukee County Case Number 2021CF000585, *available at*: https://wcca.wicourts.gov/. State court records indicate that Petitioner filed a notice of intention to pursue post-conviction relief on June 2, 2022, along with a motion for an extension of time for filing the notice *Id.* On June 13, 2022, the Wisconsin Court of Appeals denied the motion to extend the time for filing a notice of intent to pursue postconviction relief and closed the appellate case. Public records do not show any additional state court appeals, and Petitioner herself indicates that she has filed no appeal with the highest state court. *See* ECF No. 1 at 5.

A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts her constitutional claim when she presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a

full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Petitioner's habeas grounds are predicated on the alleged ineffective assistance of counsel and a vague assertion of amendment violations. ECF No. 1. at 6–7. Petitioner filed no direct appeal of her conviction, and Petitioner herself indicates that the Wisconsin Supreme Court has not had the opportunity to review any of her claims. Thus, Petitioner has not sufficiently exhausted her state remedies.

A petitioner is permitted "to file in both state and federal court simultaneously, particularly where there is some procedural uncertainty about the state court post-conviction proceeding, and then ask the district court to stay the federal case until the state case [is fully exhausted]." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). By doing so, a petitioner may be able to avoid passing the one-year time limitation for filing a habeas petition in federal court. 28 U.S.C. § 2244(d)(1)(A). This method is available where a petitioner has either a "mixed" petition containing both exhausted and unexhausted grounds for relief, or a petition with only unexhausted grounds for relief. *Blank v. Dittman*, 674 F. Supp. 2d 1100, 1101 (E.D. Wis. 2009) ("stay and abeyance is available even where a petition contains no exhausted claims").

"[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). And, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

In the present case, all of Petitioner's claims are unexhausted, and she makes no request that this Court stay and hold her federal habeas petition in abeyance while she exhausts her state court remedies. Given Petitioner's failure to provide any information regarding reasons to stay her petition, the Court cannot find good cause for Petitioner's failure to exhaust. Thus, the Court is not permitted to stay and hold Petitioner's federal habeas petition in abeyance. Further, the Court is obliged to deny the petition and dismiss this action, without prejudice, for the failure to exhaust state remedies.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner exhausted state remedies. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust state remedies;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner's motions to proceed without prepayment of the filing fee, ECF Nos. 3, 5, and motions for zoom hearings, ECF Nos. 7, 9, be and the same are hereby **DENIED as moot**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2022.

BY THE COURT

_____
J.P. Stadtmueller
U.S. District Judge

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.